## IN RE IMPROVEMENT OF THIRD STREET, ST. PAUL.
## CONTINENTAL REALTY COMPANY, OBJECTOR.
## CITY OF ST. PAUL, APPELLANT.[1]

November 22, 1929.

No. 27,544.

*Eugene M. O'Neill* and *Reece J. McGee,* for appellant.
*T. C. Fitzpatrick* and *W. F. Hunt,* for respondent.

PER CURIAM.

The city of St. Paul appeals from the judgment annulling the award to the Continental Realty Company for its property taken in the Third street widening.

The respondent appealed from the award of the common council to the district court. There was a trial and findings made by Judge Lewis to the effect that the common council's award of $12,540 to the objector, this respondent, for the taking of its property was a fair valuation, and that the award was fair and impartial, and the

[1]Reported in 227 N. W. 658.

conclusion of law was that the award be in all things confirmed. Respondent moved in the alternative for amended findings that the valuation was not fair and impartial and that the award of damages was wholly inadequate, or a new trial on the ground, among others, that the findings of fact were not justified by the evidence. The court filed an order refusing to amend the findings as requested, but granted a new trial on the ground that the decision and findings were not justified by the evidence. The cause came on for trial before Judge Hanft, who on motion of respondent and over the objection of the city annulled the award without hearing any evidence, and upon this ground stated by the court:

"It appearing to the satisfaction of the court from an examination of the charter and the findings of fact and conclusions of law signed by the Hon. Olin B. Lewis June 27, 1928, filed June 29, 1928, and the order of said Hon. Olin B. Lewis dated January 23, 1929, and filed the same day, that the order dated January 23, 1929, constitutes a reversal of the findings of fact dated June 27, 1928, in which the award was found as a fact to be fair and impartial, whereas the order dated January 23, 1929, reverses this finding upon the ground that it is not justified by the evidence, it appears conclusively to this court that the order of January 23, 1929, is to all intents and purposes a finding annulling the award made by the council according to the terms of Section 271 of the charter."

And thereupon the court ordered the judgment appealed from, annulling the proceeding and awarding costs against the city.

We think the court was in error. Judge Lewis refused to amend his findings to the effect that the award of damages was not fair, impartial, and inadequate as requested by respondent, but he granted its motion for a new trial upon the ground that the evidence did not justify the findings made. This left the matter as if no trial had been had. Judge Hanft had no authority to review the decision of Judge Lewis as if on appeal. The evidence submitted to Judge Lewis and the basis for his final decision granting a new trial was not and could not be considered by Judge Hanft. It is too plain for argument that it was error for him to grant respond-

ent's motion, and the judgment must be reversed. The cause stands for a new trial as ordered by Judge Lewis.

The judgment is reversed.